OPINION
Appellant George Olshawsky appeals a judgment of the Stark County Common Pleas Court classifying him as a sexual predator:
 ASSIGNMENTS OF ERROR I. WHERE THE COURT HOLDS THAT EX POST FACTO APPLICATION OF A PUNITIVE STATUTE IS ACCEPTABLE, THE DEFENDANT'S RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS ARE VIOLATED.
 II. WHERE THE COURT ALLOWS A DEFENDANT TO BE PUNISHED TWICE FOR THE SAME OFFENSE, THE DEFENDANT'S RIGHTS TO BE FREE FROM DOUBLE JEOPARDY UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 III. WHERE THE COURT FAILS TO BAR APPLICATION OF AN UNCONSTITUTIONALLY VAGUE STATUTE TO A DEFENDANT, THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 IV. WHERE A COURT CLASSIFIES A DEFENDANT AS A SEXUAL PREDATOR WITHOUT A SHOWING OF CLEAR AND CONVINCING EVIDENCE, THE DEFENDANT'S RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
On October 16, 1995, appellant was indicted by the Stark County Grand Jury with Rape (R.C. 2907.02), two counts of gross sexual imposition (R.C.2907.05), and child endangering (R.C.2919.22). The charges arose from a confession appellant gave to the Perry Township Police Department, wherein he admitted to sexual contact with Brandi Bonnell, who was under the age of 13. It appears from appellant's confession that Brandi was appellant's step-daughter. The sexual activity occurred at least 20 times, and involved Bonnell touching appellant's penis until he ejaculated. The contact also involved oral sex by both appellant and Bonnell. Appellant entered a plea of guilty to the charges in the indictment. He was sentenced to an indeterminate term of incarceration of 10 to 25 years for rape, 18 months on each count of gross sexual imposition, and 2 years incarceration for child endangering, to run concurrently. Pursuant to Ohio's Sexual Offender Registry laws, the Ohio Department of Rehabilitation and Corrections recommended that appellant be classified as a sexual predator. Following a hearing, appellant was adjudicated to be a sexual predator.
 I
Appellant argues that the court erred in overruling his motion to dismiss the House Bill 180 proceeding on ex post facto grounds. The Ohio Supreme Court has held that House Bill 180 does not violate the constitutional prohibition against ex post facto laws. State v. Cook (1998), 83 Ohio St.3d 404, cert. denied (1999), 525 U.S. 1182. Accordingly, appellant's first assignment of error is overruled.
 II
Appellant argues that the court erred in failing to grant his motion to dismiss the sexual predator proceeding on double jeopardy grounds. In State v. Williams (2000), 88 Ohio St.3d 513, the Ohio Supreme Court held because the provisions of House Bill 180 did not constitute punishment, they do not violate state or federal double jeopardy protections. Accordingly, the second assignment of error is overruled.
 III
Appellant argues that the court erred in denying his motion to dismiss, as House Bill 180 is unconstitutionally vague. Again, this constitutional claim has been specifically rejected by the Ohio Supreme Court in Williams, supra, 88 Ohio St.3d at 533. The third assignment of error is overruled.
 IV
Appellant argues that there is insufficient evidence to adjudicate him a sexual predator. Specifically, appellant argues that the trial court could not have found by clear and convincing evidence that he was likely to re-offend. Appellant has not provided this court with a transcript of the sexual predator hearing. While appellant filed a praecipe for a transcript, the transcript was not filed. The notice of transmission of the record provided by the clerk of courts demonstrates that the record was transmitted without a transcript of proceedings. Nevertheless, appellant did not take steps to file the transcript instanter, or provide this court with a statement of the evidence pursuant to App.R. 9 (B). When portions of the transcript necessary to resolve issues are not a part of the record, the court of appeals must presume regularity in the proceedings below and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. In addition, given the limited portions of the record that have been provided to court, it appears there was sufficient evidence to support the court's finding. A reviewing court will not reverse a judgment as against the manifest weight of the evidence where there is some competent, credible evidence to support the case. C.E. Morris Co. v. Foley Construction Company (1978), 54 Ohio St.2d 279, syllabus. In the instant case, appellant's statement to the police is a part of the record. In this statement, appellant admitted that Brandi began watching a pornographic movie, which she found in the house, and was asking questions. Appellant would sometimes lay with the children until they fell asleep, and one night, Brandi touched his penis. He told police he did not stop her, and in turn responded back. He stated that he found himself unable to stop for about 2 to 3 weeks. When it hit him what he was doing, he had an argument with his wife, and separated for about 4 months over this issue. He told police that when he and his wife got back together, he promised himself he would be in control and would not engage in sexual activity with Brandi. However, several weeks later, Brandi came to him when he was laying in bed, and he found himself involved in sexual conduct with her again. He stated that this time, he had more desire for sexual activity with Brandi. He said he had never been addicted to anything before except hunting. By his own admission, appellant knew the conduct was wrong, but could not overcome his urge to pleasure himself with a young girl. Based on appellant's own admission that he was unable to control these urges, and felt addicted to this activity, the court could have concluded that appellant was likely to re-offend in the future.
The fourth assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Reader, J., concur